**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steward Ray PEPION, Defendant–Appellant.**

**No. 06–30500.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Thaggard, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff-Appellee.

R. Henry Branom, FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant-Appellant.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Steward Ray Pepion appeals from his sentence of 120 months imposed following a guilty plea to assault on a federal employee, in violation of 18 U.S.C. §§ 111(a)(1) & (b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pepion contends that the district court erred in applying a six-level upward adjustment, pursuant to U.S.S.G. § 3A1.2, based on its finding that Pepion knew or had reasonable cause to believe that his victim was a law enforcement officer. Given that the victim was assaulted while wearing a police uniform and responding to an emergency call necessitated by Pepion's violent behavior, and given that Pepion had met the victim in his official capacity a number of times before the instant offense, the district court did not clearly err in imposing the six-level adjustment. *See* U.S.S.G. § 3A1.2, Application Note 4; *cf. United States v. Sanchez*, 914 F.2d 1355, 1363–64 (9th Cir.1990).

Pepion next contends that the district court failed to consider some of the 18 U.S.C. § 3553(a) factors, and thus, that his sentence is unreasonable. We disagree. We conclude that the sentence is not unreasonable.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.